IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| C & A, S.E., | : | CASE NO. 05-05297 (GAC) |
| | : | |
| Debtor | : | CHAPTER 11 |
| _____ | : | |
| | : | |
| Rafael J. Nido, Inc., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | ADV. NO. 05-0200 |
| | : | |
| C & A, S.E., Jose Cobian, | : | |
| United Insurance Agency, | : | |
| USF&G, Solid Waste Authority, | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

**DECISION AND ORDER**

I. Procedural Background

The controversy pending before this Court is C&A, S.E.'s ("C&A") removal of civil action number K1CD2004-0623 from the Superior Court of Puerto Rico, San Juan Section to this Court (Docket #1), Puerto Rico Solid Waste Management's ("ADS") Motion to Remand (Docket #6) and Rafael J. Nido, Inc.'s ("Nido") Motion to Remand (Docket #18).

On September 7, 2005, C&A filed a notice of removal (Docket #1), removing civil action number K1CD2004-0623 from the Superior Court of Puerto Rico, San Juan Section to this Court. It is an action commenced by Nido against C&A, Jose Cobian, United Insurance Agency, United States Fidelity & Guaranty Co. and ADS. The civil

action is seeking to recover from C&A $40,201.10, which allegedly represents the value of the materials and/or labor furnished by Nido for the construction of the chain-link fences and sliding gates at a project in Toa Baja, Puerto Rico.

On September 22, 2005, United States Fidelity & Guaranty Co. ("USF&G"), filed a motion in support of C&A's notice of removal (Docket #3). On the same day, ADS filed a motion to remand (Docket #4) and a motion for leave to file a statement pursuant to Fed. R. Bankr. P. 9027(e)(3) (Docket #5). On September 28, 2005, C&A filed an opposition to ADS's statement (Docket #7) and filed an opposition to ADS's motion to remand (Docket #8). On November 15, 2005, Nido filed a motion to remand (Docket #18). Finally, on November 23, 2005, C&A filed an opposition to Nido's motion to remand (Docket #22). At a hearing held on February 28, 2006, the Court took the matter under advisement (Docket #38).

II. Argument of the Parties

A. C&A

C&A filed the instant adversary proceeding seeking to remove civil action number K1CD2004-0623 ("Nido action"), filed by Nido in the Superior Court of Puerto Rico, San Juan Section. C&A asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334, and also pursuant to 11 U.S.C. § 105, § 502 and § 362. C&A maintains that removal is proper because at least two of the three bases of federal bankruptcy jurisdiction are present. Thus, C&A

maintains that the Nido action and the amended cross-claim contained therein are properly removable pursuant to 28 U.S.C. § 1452.

C&A invokes the "related to" jurisdiction and "arising under" jurisdiction provided by 28 U.S.C. § 1334(b), relating to the claims articulated by ADS's cross claim. C&A asserts that the Nido action is a core proceeding because it is a matter concerning the administration of the estate pursuant to § 157(b)(2)(A) and because it involves a claim whose allowance or disallowance is in dispute before the bankruptcy court pursuant to § 157(b)(2)(B). C&A further asserts that pursuant to § 157 (b)(2)(O) this is a core proceeding because it affects the debtor-creditor relationship during the bankruptcy proceeding.

C&A opposes the remand of the case as requested by ADS and Nido. First, C&A argues that the forum defendant rule does not apply to the case at bar because the Court's jurisdiction is grounded on original jurisdiction and not diversity jurisdiction as ADS contends. C&A contends that ADS's assertion that the removal of the action is barred by the forum defendant rule does not limit this Court's jurisdiction because such action is expressly grounded in 28 U.S.C. § 157 and § 1134 and in 11 U.S.C. § 105, § 502 and § 362.

On the other hand, C&A contends that mandatory abstention is not applicable because the Nido action is a core proceeding. C&A

3

also contends that the presence of state law claims do not render the proceeding automatically non-core. Thus, C&A argues that although the Nido action raises local law issues, this does not warrant remand on either statutory grounds or equitable grounds. C&A maintains that the removal of this action avoids piecemeal litigation and inconsistent decisions between different forums.

Finally, C&A contends that discretionary abstention is not warranted. C&A argues that the outcome of the present adversary case will affect the bankruptcy estate because it will decide whether to force C&A or USF&G to pay the full amount of the arbitration award.

The other contentions made by C&A regarding the arbitration award will not be discussed herein because they were addressed in adversary proceeding 05-00149 in the Decision and Order of June 29, 2006.

B. USF&G

USF&G supports the removal of the Nido action on the grounds that the Court has "related to" and "arising under" jurisdiction pursuant to 28 U.S.C. § 1334(b). USF&G contends that the outcome of the Nido action could affect C&A's bankruptcy estate and its administration, thereby altering debtor-creditor rights and liabilities. Finally, it incorporates by reference C&A's arguments in the notice of removal. USF&G requests that the Court grant the removal of the Nido action and assume jurisdiction over this

4

adversary proceeding pursuant to § 1334 and § 1452(a).

C. <u>ADS</u>

ADS opposes the removal of the present adversary proceeding. ADS contends that removal is barred by 28 U.S.C. § 1441, which relates to the forum defendant rule, arguing that at least one of the defendants is a citizen of Puerto Rico. ADS urges that the clarity of the forum defendant rule provides substantial opportunity for judicial economy and conservation of resources of all parties and the estate by mandating immediate remand. It further contends that the Court has no jurisdiction over the claims between non-debtors herein, and thus pursuant to 28 U.S.C. § 1447(c), the case must be remanded.

In the alternative, ADS argues that the present adversary case should be remanded for equitable reasons because it is a predominant local law claim in a pending local court proceeding. Therefore, ADS requests that the Court remand this adversary proceeding to the local court.

D. <u>Nido</u>

Nido also opposes the removal of the present adversary proceeding. Nido asserts that this action does not "arise under" Title 11 nor does it "arise in" a case under Title 11 because it is a claim based on local law. Nido also contends that the outcome of this proceeding will have no effect on C&A's bankruptcy estate. It further contends that an adverse outcome in this action for USF&G,

Jose Cobian or ADS would at most mean that the affected defendant would take Nido's place as creditor of C&A, but the total amount owed by C&A's estate will remain the same. Nido avers that C&A should worry about the total amount it has to pay, not to whom.

In the alternative, Nido contends that the Court should abstain from hearing this case because it is a local law claim, it was commenced more than a year before C&A filed for bankruptcy and it was being timely adjudicated by the local court. Nido also contends that his action could not have been commenced in a court of the United States absent jurisdiction under 28 U.S.C § 1334. Nido maintains that this action does not concern a question of federal law, all of the parties are citizens of Puerto Rico, hence defeating the required diversity and finally, this claim does not exceed the $75,000 minimum amount required. Therefore, Nido concludes that the district court would not have subject matter jurisdiction over this action.

Furthermore, Nido contends that this adversary action is not a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), § 157(b)(2)(B) and § 157(b)(2)(O), as alleged by C&A. Nido maintains that the only ground upon which the Court may exercise its jurisdiction would be a "related to" jurisdiction under Title 11. However, Nido contends that if it is a "related to" jurisdiction, then the Court should abstain because it is non-core proceeding. Moreover, Nido contends that this Court lacks subject matter

6

jurisdiction and that should this Court find that it has "related to" jurisdiction, then it would be a non-core proceeding and absent consent of the parties, this Court is limited to submitting proposed findings of fact and conclusions of law to the district court.

Finally, Nido asserts that mandatory abstention is warranted and discusses how the ten requirements for abstention are met. Therefore, Nido requests that the Court remand the Nido action to the local court.

III. Discussion

A. Jurisdiction

The United States Code provide that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In deciding whether to allow a removed action to proceed, the bankruptcy court must first decide if it has subject matter jurisdiction over the proceeding. In re Santa Clara County Child Care Consortium, 223 B.R. 40, 44 (B.A.P. 1st Cir. 1998). In doing so, the court must decide whether the removed action is one arising under, arising in or related to Title 11. Id. at 44.

The "arising under" and "related to" concepts have been extensively discussed by the courts. "Arising under" proceedings are "those cases in which the cause of action is created by title

7

11." <u>In re Middlesex Power Equipment & Marine Inc.</u>, 292 F.3d 61, 68 (1st Cir. 2002). As opposed to "related to," which the First Circuit Court of Appeals defines as those cases that:

> "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate."

<u>Id</u>. at 68 (<u>quoting</u> <u>In re G.S.F. Corp.</u>, 938 F.2d 1467, 1475 (1st Cir. 1991)).

In the present case, the Court concludes that this adversary proceeding affects the bankruptcy estate and thus has been properly removed, granting this Court subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b), which grants the Court jurisdiction over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11.

B. <u>Core and Non-core Proceedings</u>

The Judicial Code differentiates between core and non-core proceedings. The Judicial Code includes a non-exhaustive list of core proceedings. <u>See</u> 28 U.S.C. § 157(b)(2). Actions "arising under" Title 11 are referred to as "core" proceedings and are specifically referenced in 28 U.S.C. § 157(b)(2) and "related to" actions are "non-core" proceedings. <u>Mec Steel Bldgs., Inc. v. San Lorenzo Construction</u>, 136 B.R. 606, 609 (Bankr. D.P.R. 1992). <u>See also</u> <u>In re Evarts</u>, 2006 WL 696136 (Bankr. D.N.H. 2006). With

respect to non-core proceedings, the determination shall not be made solely on the basis that its resolution may be affected by local law. 28 U.S.C. § 157(b)(3).

The Supreme Court of the United States decided upon the power of bankruptcy judges to decide core and non-core proceedings in the seminal case of Northern Pipeline Constr. Co. v. Marathon Pipeline Co., 458 U.S. 50 (1982). This case involved an adversary proceeding brought by a debtor-in-possession seeking damages for an alleged pre-petition breach of contract. The Supreme Court held that the proceeding could not be finally adjudicated by the bankruptcy court. The Court explained that while the restructuring of debtor-creditor relationships is at the core of the federal bankruptcy power, the adjudication of state-created private rights is not. Id. at 71.

The First Circuit defines non-core proceedings as "claims 'concerned only with state law issues that did not arise in the core bankruptcy function of adjudicating debtor-creditor rights,'" referring to them as "Marathon-type suits." Arnold Print Works v. Apkin (In re Arnold Print Works), 815 F.2d 165, 167 (1st Cir. 1987)(quoting 130 Cong. Rec. H1848 (daily ed. March 21, 1984)(statement of Representative Kindness)). The court ruled that bankruptcy courts were empowered to finally determine suits filed by an estate representative to collect debts arising after the commencement of the bankruptcy case, but not empowered to finally

9

determine suits relating to debts arising before commencement of the case. In re Arnold Print Works, 815 F.2d at 168. While the former was deemed to be core, the latter was deemed non-core. Id. The court based its decision on Marathon stating that: "[n]on-core proceedings, those that the statute calls 'related to' bankruptcy cases, concern aspects of the bankruptcy case that Marathon barred non-Article III judges from determining on their own." Id. at 167.

In another case, in which a bankruptcy court had to determine if a pre-petition action was deemed a core or non-core proceeding, the court held that: "[i]f an action survive[s] outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or district court, then it clearly involves non-core matter." Mec Steel Bldgs., Inc. v. San Lorenzo Construction, 136 B.R. at 609.

Mec Steel involved a claim by the debtor for the collection of accounts receivable. The debtor argued that this involved administration of the estate and the turning over of the property of the estate, both core proceedings under 28 U.S.C § 157(b)(2). The court in Mec Steel concluded that:

> [a]ctions initiated in the bankruptcy court to collect pre-petition account receivables are clearly non-core matters and should not be considered as matters affecting the administration of the estate or actions for the turnover of property of the estate in order to categorize them as core.

Mec Steel Bldgs., 136 B.R. at 609.

10

Likewise, actions based on pre-petition breach of contract are also non-core. See Matter of Candelero San & Gravel, Inc., 66 B.R. 903, 906 (D.P.R. 1986)(holding that action involving pre-petition contract, allegedly breached both before and after the filing of the petition, is entirely non-core matter related to a case arising under Title 11).

Finally, the District Court of Puerto Rico in Goya Foods v. Unanue-Casal, stated:

> [t]he contract validity question is not core to the bankruptcy proceeding. Even where the action "will drastically affect both the debtor-creditor relationship and the assets of the [e]state" it cannot be deemed a core proceeding if it arises prior to the bankruptcy filing and involves a right independent of and antecedent to the bankruptcy filing.

Goya Foods v. Unanue-Casal (In re Unanue-Casal), 164 B.R. 216, 221 (D.P.R. 1993). See also Matter of Candelero San & Gravel, Inc., 66 B.R. at 906.

The present adversary proceeding relates to a pre-petition action for breach of contract that commenced outside the bankruptcy court. Although this Court concludes that it has jurisdiction pursuant to 28 U.S.C. § 1334(b), it is "related to" jurisdiction because although this proceeding may have some effect on the bankruptcy estate it clearly does not arise in or under Title 11. The Nido action survives outside of bankruptcy and in the absence of bankruptcy, would have been resolved in local court. The Nido

11

action relates to a pre-petition claim arising under local law, which is deemed non-core under cited case law and specifically pursuant to the Supreme Court's decision in <u>Marathon</u>, *supra*. Cases where courts find that there is "related to" jurisdiction are deemed non-core. Therefore, this Court concludes that this is a non-core proceeding.

C. <u>Remand</u>

Section 1452(b) of Title 28 permits the court to which a claim or cause of action has been removed to remand the claim or cause of action on any equitable ground. 28 U.S.C. § 1452(b). The following equitable grounds for remand have been identified:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court.

<u>In re Santa Clara County Child Care Consortium</u>, 223 B.R. at 44. <u>See also</u> <u>In re Evarts</u>, 2006 WL at 696136.

The present adversary proceeding involves a removed action that arose from a breach of contract between C&A and Nido. C&A and USF&G request that the Court remove the action to the bankruptcy court. Nido and ADS request that the Court remand it to the local court. As previously explained, this Court has "related to" jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§ 1334(b).

This Court finds that in the present case, there are numerous equitable grounds for remand. First, the Nido pre-petition breach of contract action does not affect the administration of the bankruptcy estate. The breach of contract action is remotely related to the bankruptcy case. Moreover, all of the issues involve only local law. Finally for comity reasons, this Court concludes that because this adversary case involves a pre-petition breach of contract, the local court should finally determine the outcome of the action under local law and enter judgment.

Furthermore, although the abstention provisions are not directly applicable because there is no parallel local court proceeding, courts consider them in deciding when to remand a case. The bankruptcy court in In re Interamericas Turkey Development Co., Inc., 94 B.R. 9 (D.P.R. 1988), held that:

> Pursuant to section 1334(c)(2), the 'district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including one where the debtor is a party) and where the claim can be timely adjudicated in a state court.'

Id. at 13,(quoting Matter of Candelero San & Gravel, Inc., 66 B.R. at 906 and Sate Bank of Lombard v. Chart House, 46 B.R. 468, 472 (N.D.Ill. 1985)).

This Court concludes that mandatory abstention would apply if there were a parallel local court proceeding. The present adversary

case is one based on breach of contract, which is purely a matter of local law. It is a case "related to" Title 11, which is the only basis for federal jurisdiction. The action was commenced outside the bankruptcy court. Finally, this Court finds that the Nido action can be timely adjudicated by the local court. Thus, remand is warranted because the criteria for mandatory abstention are met.

ORDER

WHEREFORE IT IS ORDERED that ADS' Motion to Remand (Docket #4) and Nido's Motion to Remand (Docket #18) pursuant to 28 U.S.C. § 1452(b) are GRANTED. This action is hereby remanded to the Superior Court of Puerto Rico, San Juan Section.

SO ORDERED.

San Juan, Puerto Rico, this 14th day of August, 2006.

S/Gerardo A. Carlo-Altieri
_____

GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge