IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| C & A, S.E., | : | Case No. 05-5297 (GAC) |
| | : | |
| Debtor | : | Chapter 11 |
| _____ | : | |
| | : | |
| Rafael J. Nido, Inc., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adv. No. 05-0200 |
| | : | |
| C & A, S.E., Jose Cobian, | : | |
| United States Fidelity and | : | |
| Guaranty Co., Solid Waste | : | |
| Management Authority, | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

DECISION AND ORDER

On September 7, 2005, the debtor sought to remove a local court proceeding to this Court, commencing this adversary proceeding. United States Fidelity and Guaranty Co. ("USF&G"), supported the removal (dkt. #3), while the Puerto Rico Solid Waste Management Authority ("ADS") sought remand of the proceeding (dkt. #4). The plaintiff Rafael J. Nido, Inc. ("Nido") also sought remand of the proceeding (dkt. #18).

Ultimately, the Court issued a Decision and Order remanding the matter to the Superior Court of Puerto Rico (dkt. #42). USF&G filed a notice of appeal (dkt. #45) and requested a stay pending

appeal (dkt. #55).[1]  Both Nido and ADS oppose the request for stay pending appeal (dkts. #58 and #64, respectively).

DISCUSSION

A motion for stay pending appeal filed pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure is governed by Rule 62(c) and (g) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7062 of the Federal Rules of Bankruptcy Procedure.  Allowance of a motion for stay pending appeal of a judgment is discretionary.  Courts consider the traditional four-part standard applicable to injunctions.  See Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002).  The Court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies."  Id. at 16 n. 3.  "'The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'"  Id. at 16 (quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)).  "'What matters ... is not the raw amount of irreparable harm [a] party might conceivably

---

[1]USF&G also makes arguments as to why an order remanding a separate adversary proceeding and an order modifying the automatic stay should not be stayed pending appeal.  The Court concludes that these matters have not been properly brought before the Court, by including them in a motion to stay the order remanding this proceeding.

2

suffer, but rather the risk of such harm in light of the party's chance of success on the merits.'" <u>P.R. Hosp. Supply, Inc. v. Boston Scientific Corp.</u>, 426 F.3d 503, 507 n. 1 (1st Cir. 2005)(quoting the Massachusetts standard, which "closely tracks the federal standard").

The Court concludes that USF&G has failed to demonstrate a likelihood of success on the merits. As the Court concluded in the Decision and Order, this matter is a non-core proceeding involving a prepetition breach of contract. It is only remotely related to the bankruptcy case and does not affect the administration of the bankruptcy estate. Nido commenced the action in local court and the issues involve only local law. In the absence of the bankruptcy petition, the action would have been resolved in local court. Thus, comity for the local court favored remand. Due to the numerous grounds for remand and the discretionary nature of a remand order, the Court concludes that USF&G has little likelihood of prevailing on the merits of its appeal.

USF&G has stated that it will suffer irreparable harm if a stay is not granted, but has not alleged any specific harm or even the nature of such harm. On the other hand, Nido is prejudiced by a stay of the effectiveness of the remand order. The action has been paralyzed since June 9, 2005. Staying the remand order will inevitably further delay the adjudication of Nido's claim against USF&G and ADS, which ADS admits. The Court concludes that the

3

potential harm to Nido outweighs any harm to USF&G if the stay is denied. Likewise, there is little risk of harm to USF&G in light of its slim chance of success on the merits.

Finally, the public interest is best served by denying the stay and allowing the Commonwealth court to adjudicate the matter, which involves only local law. A stay would contravene the interest of comity. Accordingly, the Court concludes that USF&G has failed to satisfy the standard to obtain a stay pending appeal.

<u>ORDER</u>

WHEREFORE IT IS ORDERED that United States Fidelity and Guaranty Co.'s motion for stay (dkt. #55) of the order remanding this adversary proceeding to the superior court of Puerto Rico, shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 16th day of November, 2006.

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
Chief, U.S. Bankruptcy Judge

4